UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER OF DETENTION

Andrea Mary Buckanaga,

Defendant. Crim. No. 00-165 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the conduct of a Preliminary Revocation Hearing, see Rule 32.1(b)(1), Federal Rules of Criminal Procedure, and a Detention Hearing, on the Government's Motion that the Defendant be Detained Without Bail pending her Revocation Hearing. See Title 18 U.S.C. §3142(f). At the time of these Hearings, the Defendant appeared personally, and by Gary R. Bryant-Wolf, Esq., and the Government appeared by Thomas M. Hollenhorst, Assistant United States Attorney.

At the commencement of the Hearing, in colloquy with her attorney, the Defendant waived the conduct of a Preliminary Revocation Hearing, and admitted the existence of probable cause for the charges contained in the Petition on Supervised Release. Upon our inquiry, we found the Defendant's waiver to be knowing, voluntary, and intelligent. Accordingly, we find probable cause that the Defendant committed three violations of the conditions for her Supervised Release, and we hold the Defendant to answer to the charges in the Petition on Supervised Release before the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding, and we turn to the issue of Detention.

## II. Discussion

In proceedings alleging a violation of the conditions of Supervised Release, "[t]he burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]." Rule 32.1(a)(6), Federal Rules of Criminal Procedure. Here, the Defendant has not borne that burden, and we are satisfied that the Defendant poses an unreasonable risk of flight, and an unreasonable risk of endangerment to herself, which are not reasonably controlled by one or more conditions for her release.

The Defendant has had grave difficulty in complying with the terms and conditions of supervised release. A brief recounting of past events reveals the gravity of that lack of compliance. On October 25, 2001, the Defendant was sentenced to the Bureau of Prisons for forty-one (41) months, to be followed by three (3) years of supervised release. Two days before her completion of the sentence of imprisonment, on August 18, 2004, the terms and conditions of her supervised release were read and explained to her. Drug and substance abuse were ordered on October 4, 2004, and she was placed in a Community Corrections Center ("CCC"), on February 1, 2005, for a period of one hundred twenty (120) days.

She completed that period of placement, and was released only to again be placed in a CCC for an additional sixty (60) days -- again, a period of placement that she fully completed. Following her release from CCC placement, the Defendant failed to submit her July of 2005 monthly report and, on August 8, 2005, the Defendant moved out of her Duluth apartment without advising her Probation Officer of her whereabouts. Notably, a report by the Duluth Police Department of July 8, 2005, reflected that the Defendant had admitted to drinking beer with her boyfriend, who later assaulted her. As of August 29, 2005, the Defendant's Probation Officer reported that

the Defendant's whereabouts were then unknown. This history is admitted, and is not disputed.

Given the repeated violations of Supervised Release, which appear to be related to an intractable problem with drug and alcohol abuse, we are convinced that we cannot craft conditions for the Defendant's release which would garner greater compliance than those which we have found probable cause to believe were violated. The Defendant needs control in her condition and life. While she has an understand-able interest in seeing her children, that same interest paled in comparison to her inability to control her substance abuse. For her well-being, the well-being of any family members who might be in her custody, and for the safety of the community, we find clear and convincing evidence that there are no conditions which will reasonably ameliorate those dangers. Likewise, we find clear and convincing evidence that there are no conditions, nor any set of conditions, while will reasonably assure the Defendant's presence at future Court proceedings. Accordingly, we grant the Government's Motion for Detention pending the conduct of the Revocation Hearing.

NOW, THEREFORE, It is --

ORDERED:

1. That, the Defendant having voluntarily, knowingly, and intelligently, waived the conduct of a Preliminary Detention Hearing, we find probable cause to believe the Defendant committed the violations of her conditions for Supervised Release, and we hold to answer in the District Court.

2. That the Government's Motion for Detention Without Bail Pending Trial [Docket No. 50] is GRANTED.

3. That the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. That the Defendant be afforded a reasonable opportunity for private consultation with defense counsel.

5. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: September 30, 2005

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE